IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANIMAL WELFARE INSTITUTE<br>    900 Pennsylvania Avenue, SE<br>    Washington, D.C. 20003,<br><br>                    Plaintiff,<br>            v.<br><br>NATIONAL OCEANIC AND ATMOSPHERIC ADMINISTRATION,<br>    1401 Constitution Avenue, NW, Room 5128<br>    Washington, D.C.  20230<br><br>            and<br><br>NATIONAL MARINE FISHERIES SERVICE,<br>    1315 East-West Highway<br>    Silver Spring, MD  20910,<br><br>                    Defendants. | )<br>)<br>)<br>)<br>)<br>)     Civ. No.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

1.      The Animal Welfare Institute brings this action against defendants National Oceanic and Atmospheric Administration and National Marine Fisheries Service for violations of the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").

**PARTIES**

2.      Plaintiff Animal Welfare Institute ("AWI") is a 501(c)(3) non-profit organization that seeks to protect animals from human inflicted suffering.  In particular, AWI has advocated for the protection of whales and other marine life from life from human activities such as harmful fishing practices, hunting, underwater noise production, and inhumane practices resulting from captive maintenance for purposes of public display and scientific research.  AWI is the requester of the records at issue.

3. Defendant National Oceanic and Atmospheric Administration ("NOAA") is an agency of the federal government within the U.S. Department of Commerce that focuses on the conditions of the oceans and the atmosphere, including marine wildlife.

4. Defendant National Marine Fisheries Service ("NMFS") is an agency of the federal government within NOAA that has jurisdiction over whales under the Marine Mammal Protection Act ("MMPA"), 16 U.S.C. §§ 1361 - 1423h, and is in possession of the records requested by AWI.

## JURISDICTION AND VENUE

5. This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B).

6. Venue is proper in this Court pursuant to 5 U.S.C. § 552(a)(4)(B).

## FACTS GIVING RISE TO PLAINTIFF'S CLAIM

**A. FOIA Requirements**

7. The purpose of FOIA is to "pierce the veil of administrative secrecy and to open agency action to the light of public scrutiny." *Public Citizen, Inc. v. Office of Management and Budget*, 598 F.3d 865, 869 (D.C. Cir. 2010) (quotations omitted). In enacting FOIA, Congress intended the primary objective of the Act to be the full disclosure of federal agency records so long as information is not exempted by clearly delineated statutory language. *Id.*

8. FOIA establishes a broad right of public access to federal agency records, subject only to nine delineated exemptions. 5 U.S.C. § 552(b). "Each agency, upon any request" for enumerated records must "determine within 20 days (excepting Saturdays, Sundays, and legal holidays) after the receipt of any such request whether to comply with such request and shall immediately notify the person making such a request" of the "determination and the reasons therefor . . . ." *Id.* § 552(a)(6)(A)(i). A requester "shall be deemed to have exhausted [its]

administrative remedies"—and hence may file suit under the Act's citizen suit provision—"with respect to [a] request if the agency fails to comply with the . . . time limit" set forth in the statute for a substantive response.  *Id*. § 552(a)(6)(C)(i).

9.  The federal regulations implementing FOIA for NOAA and NMFS are located at 15 C.F.R. § 4.1, *et seq*.  15 C.F.R. § 4.6 codifies the requirement that NOAA/NMFS respond within 20 working days of receiving a FOIA request with a determination of compliance.

**B.  The Public Interest Need for the Documents Subject to the FOIA Request**

10.  In 2013, the documentary film *Blackfish* drew public attention to the plight of Tilikum, an orca held in captivity by SeaWorld Parks & Entertainment ("SeaWorld"), and other orcas now maintained in aquariums and theme parks around the world.  *Blackfish* set off a strong negative public reaction to SeaWorld and the conditions under which orcas are held in captivity.

11.  On March 8, 2016, SeaWorld released a video on its website describing Tilikum's declining health and indicating that he was not expected to survive.

12.  Beginning in October 2016, the People for the Ethical Treatment of Animals ("PETA") initiated the first of what would be several meetings and communications with NOAA/NMFS regarding Tilikum.  AWI joined this effort by December 2016.  In anticipation of Tilikum's death, NOAA/NMFS was presented with a draft legal opinion explaining why the 1992 MMPA permit authorizing the importation of Tilikum requires SeaWorld to submit to NOAA/NMFS the necropsy report and clinical history for Tilikum in the event of his death.  In these meetings and communications, and through the draft legal opinion, AWI (with PETA) sought NOAA/NMFS input and comments on the applicability of the necropsy and clinical history permit requirement.

13. In the following months, AWI also presented its views on the necropsy and clinical history requirements of MMPA permits to the other federal agencies with jurisdiction over marine mammals ─ the U.S. Fish and Wildlife Service ("FWS"), the Marine Mammal Commission ("MMC"), and the U.S. Department of Agriculture's Animal and Plant Health Inspection Service ("APHIS").[1]

14. In these agency meetings and communications, AWI repeatedly stressed the importance of necropsy reports and clinical histories for purposes of scientific research, medical care (including for free-ranging, stranded individuals), animal husbandry, and public education, and demonstrated that the benefits resulting from this information applied to whales held both in captivity and in the wild.

15. In these meetings and communications, NOAA/NMFS never took a position on whether SeaWorld had to comply with the necropsy and clinical history requirements of Tilikum's permit.

16. Tilikum died on January 6, 2017 at SeaWorld's Orlando facility. AWI and other animal welfare organizations immediately notified NOAA/NMFS that Tilikum's MMPA permit required SeaWorld to submit the necropsy and clinical history report within 30 days. Based on information and belief, SeaWorld never submitted the necropsy and clinical history report required by the permit to NOAA/NMFS.

17. On March 10, 2017, NOAA/NMFS responded to the animal welfare organizations' notice with an email stating that it was willing to meet to discuss the issue but that it had concluded that the necropsy and clinical history provisions of Tilikum's permit had been

---

[1] Under the MMPA, NOAA/NMFS has jurisdiction over whales, dolphins and seals. FWS has jurisdiction over polar bears, manatees, walrus and sea otters. 16 U.S.C. § 1362(12)(A). The MMC serves in an independent advisory and oversight role. *Id.* §§ 1401-1407. APHIS jurisdiction is not under the MMPA but applies to marine mammals in certain captive maintenance facilities under the Animal Welfare Act. 7 U.S.C. §§ 2131-2159.

extinguished by amendments to the MMPA in 1994 and that "the legal analysis supporting this determination is exempt from disclosure under the attorney-client privilege, and we will not be discussing it in any detail at the meeting." Thus, after months of effort to engage NOAA/NMFS in a collaborative dialogue regarding the permit requirements for SeaWorld to release Tilikum's health records, AWI and the other organizations had no explanation from NOAA/NMFS for the legal conclusion, contrary to the plain language of the permit, that the necropsy and clinical history requirement did not apply and were told that none would be provided.

18. AWI contacted SeaWorld directly by email on March 25, 2017 asking for voluntary release of Tilikum's records. SeaWorld refused to do so in an April 13, 2017 email. Five animal welfare organizations sent a letter to SeaWorld on August 8, 2017, again asking for voluntary compliance. SeaWorld has not replied and continues to withhold the documents.

19. On July 24, 2017, Tilikum's granddaughter Kyara died at SeaWorld's San Antonio facility. The draft legal opinion previously provided to NOAA/NMFS confirmed that Kyara was covered by the necropsy and clinical history provision of Tilikum's permit.

20. On July 31, 2017, AWI and other animal welfare organizations wrote to NOAA/NMFS asking for enforcement of the necropsy and clinical history provision of Tilikum's permit for Kyara's records. Counsel to AWI submitted a revised version of the draft legal opinion supporting this conclusion to NOAA/NMFS on August 14, 2017.

21. NOAA/NMFS responded on September 7, 2017, simply restating its March 10, 2017 email message that the permit had been extinguished by the 1994 MMPA amendments.

22. On August 15, 2017, Kasatka, an orca held at SeaWorld's San Diego facility, was euthanized due to a bacterial infection. Kasatka's 1978 MMPA permit included a necropsy and clinical history requirement. AWI, and the other organizations promptly requested

NOAA/NMFS to enforce the permit, by letter dated August 25, 2017, and by an updated version of the legal opinion, by letter from counsel dated August 30, 2017.

23.     By letter dated October 18, 2017, NOAA/NMFS issued the same response as in its March 10, 2017 email on Tilikum's death and its September 7, 2017 letter on Kyara's death, stating that the necropsy and clinical history requirement in Kasatka's permit had been extinguished.  Again, NOAA/NMFS provided no explanation for its legal conclusion.

24.     After the death of three SeaWorld orcas over a seven-month period, NOAA/NMFS has refused to release or disclose the legal rationale for its conclusion that SeaWorld can ignore clearly stated permit requirements and withhold information that would shed light on the cause of death and medical condition of these whales during their lives in captivity and benefit science and marine mammal husbandry, stranding response, and medical care.  SeaWorld refuses to release the whales' clinical histories or necropsy reports.

**C.     The AWI FOIA Request**

25.     By letters sent by email on September 29, 2017, AWI submitted FOIA requests to NOAA/NMFS, FWS, and MMC for all documents from January 1, 2017 to May 1, 2017 regarding NMFS' March 10, 2017 determination that the necropsy and clinical history requirements of Public Display Permit No. 774 for Tilikum were extinguished by the 1994 MMPA amendments.  Exhibit 1, Declaration of Donald C. Baur, dated January 8, 2018 ("Baur Decl.") at ¶ 2, Attachment A.  On the same date, AWI submitted a FOIA request to APHIS, asking for "all requests that APHIS has submitted since January 1, 1994 under 9 C.F.R. § 3.110(g) requesting necropsy records for marine mammals that have died in captivity, and all necropsy records that APHIS has received in response to those requests."

26. Under FOIA, the deadline for agency response to the requests was October 30, 2017.

27. By letter to AWI dated October 5, 2017, APHIS's FOIA Director confirmed receipt of the FOIA request. The letter identified an anticipated response date of October 30, 2017. On December 8, 2017, APHIS responded to AWI's FOIA request.[2]

28. By voice message on October 4, 2017, the MMC confirmed receipt of AWI's FOIA request. In a letter sent by email, dated December 18, 2017, Michael L. Gosliner, MMC General Counsel, responded to the FOIA request with a partial release of documents. In the MMC response letter, Mr. Gosliner stated:

> I am sympathetic to the position that your organization finds itself in — the responsible agency (NMFS) has given you its legal conclusion that the 1994 amendments to the MMPA extinguished the permit terms and conditions related to necropsies and clinical histories, but has declined to provide you with its rationale for this conclusion. I can see where that agency would not want to share its draft legal analysis outside of the government, but once a conclusion has been reached, its final position no longer is pre-decisional.[3]

The MMC also stated that it could not release its own documents that would shed light on the NOAA/NMFS legal position without concurrence from NOAA/NMFS.[4]

---

[2] APHIS confirmed that, since 1994, it has not required licensees to submit necropsy reports for any marine mammals. As a result, it had no documents to release.

[3] The MMC's FOIA response indicates that NOAA/NMFS had not completed its consultation with its sister agencies on the legal question at the time it announced its conclusion on March 10, 2017.

[4] The MMC request revealed the limited nature of the AWI request, by identifying only nine responsive documents withheld based on the NOAA/NMFS position. The MMC letter also confirmed that it had coordinated its response "with the other agencies," indicating that NOAA/NMFS is aware of the FOIA request.

29. By email on September 29, 2017, FWS's Headquarters FOIA Office acknowledged receipt of the FOIA request. The email stated that the request was forwarded to the Division of Management Authority for processing.

30. The initial FOIA request letter to NMFS was confirmed delivered to NOAA/NMFS by AWI email on September 29, 2017. A follow-up letter was also sent by email to NMFS on December 4, 2017, asking for a response by December 15, 2017. Baur Decl. ¶ 3, Attachment B. Finally, on December 22, 2017, a copy of the December 4 letter was sent again by email, with a specific request that NMFS acknowledge receipt. *Id.* ¶ 4, Attachment C.

31. As of the date of this complaint, NOAA/NMFS has never even acknowledged receipt of the September 29, 2017 request, the December 4, 2017 follow-up letter, or the December 22, 2017 email confirmation request.

32. To date, more than three months after AWI's initial letter, and more than two months after the statutory deadline, NOAA/NMFS has not responded in any way to the September 29, 2017 AWI FOIA request. Nor has the Agency provided AWI with any explanation for the ongoing delay. The other agencies have either responded in full (APHIS and MMC) or acknowledged receipt and confirmed that review is underway (FWS).

## CLAIM FOR RELIEF

33. AWI has a statutory right to the requested records. NOAA/NMFS, in violation of FOIA and AWI's rights under FOIA, has failed to provide the records, or any substantive determination regarding them, by the mandatory deadline set forth in 5 U.S.C. § 552(a)(6)(A)(i).

## REQUESTED RELIEF

34. AWI respectfully requests that the Court grant the following relief:

   a. Declare that NMFS is in violation of FOIA;

138041402.3

    b.       Enjoin NMFS from continuing to withhold the requested records and order NMFS immediately to release the records in full to AWI;

    c.       Make a written finding pursuant to 5 U.S.C. § 552(a)(4)(F)(i) that the "circumstances surrounding the withholding raise questions whether agency personnel acted arbitrarily or capriciously with respect to the withholding . . . .";

    d.       Award Plaintiff its attorneys' fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E);

    e.       Award any other relief this Court finds just and proper.

Dated this 9th day of January, 2018

Respectfully submitted,

*/s/Donald C. Baur*
Donald C. Baur
D.C. Bar No. 393621
Perkins Coie LLP
700 13th Street, NW, Suite 600
Washington, D.C. 20005-3960
(202) 654-6200
DBaur@perkinscoie.com

Sunny Tsou
(*pro hac vice* application pending)
Perkins Coie LLP
505 Howard Street
Suite 1000
San Francisco, CA 94105
(415) 344-7000
STsou@perkinscoie.com

Counsel for Plaintiff

138041402.3